# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**WANDA ALFORD**                                                          **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:18-cv-457-CWR-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

## ORDER

Before the Court is the Plaintiff's objection to the Magistrate Judge's Report and Recommendation ("R&R"). The R&R recommends denying the Plaintiff's *Motion for Summary Judgment* and granting the Defendant's *Motion For An Order Affirming the Decision of the Commissioner*.

The Court has reviewed *de novo* the portions of the R&R to which the Plaintiff has objected. 28 U.S.C. § 636(b). The Court concludes remand is required. Although the Administrative Law Judge's ("ALJ") conclusion as to the disability status of Wanda Alford may ultimately be correct, he did not properly consider Alford's alleged failure to follow prescribed treatment when determining her residual functional capacity ("RFC").

An ALJ can consider a claimant's failure to follow prescribed treatment to assess the claimant's credibility or to determine the severity of a claimant's alleged subjective symptoms without having to mention or follow the requirements of Social Security Ruling ("SSR") 82-59.[1][2]

---

[1] *See Fall v. Astrue,* No. 4:12-CV-265, 2012 WL 6026438, at *10 (S.D. Tex. Dec. 4, 2012) (". . . where it can be ascertained from the ALJ's decision that the claimant's non-compliance was considered by the ALJ in connection with assessing the claimant's credibility and in making a determination as to the severity of the claimant's alleged subjective symptoms, SSR 82–59 need not be mentioned or followed."); *see also* SSR 16-3p (". . . if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.").

[2] The Social Security Administration rescinded and replaced SSR 82-59 effective October 29, 2018. However, at the time of the ALJ's decision in this case, SSR 82-59 was the rule in place. Because of this, the Court will rely upon SSR 82-59 in its evaluation of the ALJ's decision. *See, e.g., Nickerson v. Berryhill*, No. 4:15-CV-2727, 2017 WL 1106302, at *15 (S.D. Tex. Mar. 24, 2017) (considering whether the ALJ erred given the Social Security Rulings in effect at the time of the ALJ's determination).

SSR 82-59 "explains the circumstances in which the Secretary may deny benefits to an otherwise disabled individual on the basis that the claimant has failed to follow. . .prescribed treatment."[3] Alternatively, the ALJ is required to follow SSR 82-59 if the RFC determination or the ultimate disability determination was based, either implicitly or explicitly, on the claimant's noncompliance with prescribed treatment.[4]

Here, the ALJ's decision includes virtually no discussion of Alford's failure to comply with prescribed treatment when discussing her credibility or allegations of the severity of her subjective symptoms. Rather, the ALJ found Alford credible.[5] On the other hand, the ALJ's discussion of Alford's failure to comply with the prescribed treatment appears throughout the ALJ's RFC determination. In his decision, the ALJ notes:

> The undersigned finds it relevant that all three mental health specialists who examined the claimant indicated that the claimant could benefit from mental health counseling or alternative treatment, and finds that this likely shows that the claimant's symptoms and limitations could be somewhat improved with additional treatment or help from a specialist. Therefore, the undersigned has limited the complexity of tasks that the claimant could be assigned in the workplace and her interactions with others.[6]
>
> . . . [W]hile the limitations assessed by each examiner have been taken into account, as discussed above, they are discounted somewhat as not representative of the claimant's level of functioning with more diverse treatment. . .[7]
>
> In sum, the above residual functional capacity assessment is supported by. . . medication only for her mental impairments. . .[8]

---

[3] *See Tate v. Colvin*, No. 2:13-CV-6552, 2014 WL 4982662, at *19 (E.D. La. Oct. 6, 2014) (citations omitted).
[4] *See Emmitt v. Saul*, No. 4:17-CV-2953, 2019 WL 3500558, at *11 (S.D. Tex. Aug. 1, 2019) ("SSR 82-59 applies when the ALJ's RFC determination or the ultimate disability determination rests on the Plaintiff's failure to follow prescribed treatment.").
[5] *See* Docket No. 8 at 32 ("With regard to the claimant's mental impairments, her testimony is consistent with the record."); *see also id.* (". . . the claimant's symptoms and limiting effects do seem genuine from the record and testimony.").
[6] *Id.*
[7] *Id.* at 33.
[8] *Id.* at 34.

Based on the ALJ's constant use of Alford's lack of treatment to determine her RFC, rather than her credibility or allegations as to subjective symptoms, SSR 82-59 should have been followed. The ALJ, however, failed to follow the requirements of SSR 82-59. For example, under SSR 82-59, the ALJ must first make a separate determination that the claimant is disabled prior to determining there has been a failure to follow prescribed treatment. That did not happen here.

"The Court only need remand, however, if it finds that the ALJ's failure to apply the rule prejudiced Plaintiff."[9] "[P]rejudice can be established by showing that the claimant would have produced additional evidence that might have led to a different decision."[10]

The Court agrees with Alford that the ALJ's failure to apply SSR 82-59 was prejudicial. If the ALJ had followed the requirements of SSR 82-59, Alford would have been asked to show justifiable cause for the alleged failure to follow prescribed treatment, namely her alleged inability to afford treatment. Alford may also have been asked to testify at the hearing or provide documentation as to prior outreach to free community resources as required under SSR 82-59 to make a justifiable cause claim. Following the process set forth in SSR 82-59 may have led to a different outcome for Alford's case. Therefore, the Court finds that the ALJ's failure to apply the rule was prejudicial.

For these reasons, this case is remanded so that the ALJ may reconsider Alford's RFC determination in accordance with SSR 18-3p, which superseded SSR 82-59 on October 29, 2018.

Accordingly, Alford's motion for summary judgment is granted in part and the Commissioner's motion to affirm is denied. A separate Final Judgment will issue this day.

---

[9] *See Naona N.E. v. Berryhill*, No. 3:17-CV-597-D-BK, 2018 WL 5722677, at *7 (N.D. Tex. Aug. 20, 2018), *report and recommendation adopted*, 2018 WL 4356738 (N.D. Tex. Sept. 12, 2018).
[10] *Id.*

**SO ORDERED**, this the 13th day of September, 2019.

                                                                       s/ Carlton W. Reeves
                                                                       UNITED STATES DISTRICT JUDGE